UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>REGAN DARBY PRATER | No. 3:26-CR-16<br><br>Judge Varlan |

**UNITED STATES' SENTENCING MEMORANDUM**

On March 29, 2019, Regan Prater drove from his home in Tullahoma to the Highlander Research & Education Center ("Highlander") in New Market, Tennessee. When he arrived, he broke into Highlander, placed a sparkler bomb inside Highlander's administrative building, and lit the fuse. The resulting fire destroyed the Highlander administrative building, causing over $1 million in damage.

Separately, on October 27, 2019, the Defendant provided a list of personally identifiable information for over 35,000 individuals purportedly affiliated with the Israeli government to an individual he believed was associated with Hizballah, a designated foreign terrorist organization. In providing the list, the Defendant stated, "Start the hunt."

The nature and circumstances of these crimes are unquestionably serious. Accordingly, and consistent with the plea agreement, the United States submits that a sentence of 240 months' imprisonment is sufficient, but not greater than necessary, to achieve the statutory sentencing goals for the Defendant.

**BACKGROUND**

On February 5, 2026, the United States filed an Information charging the Defendant with Malicious Use of Fire in violation of 18 U.S.C. § 844(i) and Attempted Provision of Material Support to a Designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B. (Doc.

1.) The Defendant pleaded guilty to the charged offenses in a plea agreement that was filed the next day, February 6, 2026. (Doc. 2.) The plea agreement contains a Rule 11(c)(1)(C) provision pursuant to which the parties agree that a sentence not greater than 240 months in prison is the appropriate disposition of the case. (*Id*. at ¶ 6.)

On August 4, 2026, the United States Probation Office filed a presentence investigation report ("PSR"). (Doc. 11.) On August 21, 2026, the Defendant filed objections to the PSR (Doc. 12), to which the United States responded, (Doc. 13).

With a total offense level of 40 and a criminal history category of VI – and as capped by the applicable statutory maximums – the Defendant's applicable sentencing guidelines range is 360 months to 480 months. (Doc. 11 at ¶ 88.) However, should the Court accept the proposed plea agreement offered by the parties, the Defendant's effective imprisonment range would be no more than 240 months.

**ANALYSIS**

As the Court is aware, the Court's sentencing analysis is governed by 18 U.S.C. § 3553(a), which requires consideration of several factors including the nature and circumstances of the offense as well as the defendant's history and characteristics. 18 U.S.C. § 3553(a)(1). Upon consideration of all relevant factors, the Court is to fashion a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the rule of law, provide just punishment for the offense, afford adequate deterrence, and to protect the public from further crimes of the defendant.

## *I. The Nature & Circumstances of the Offense Merit a 240-Month Sentence.*

Regan Prater's criminal conduct is unmistakably serious. The arson at the Highlander Center was not a spontaneous, impulsive event. It was the result of substantial planning and effort on the part of the Defendant.

In the days leading up to the arson, the Defendant took steps to prepare. In the morning of March 28, 2019, the Defendant viewed, purchased, and downloaded a document which contained, among other things, the formulas for ammonium nitrate and napalm. The recipe for ammonium nitrate called for motor oil to be mixed with grinded ammonium nitrate. The recipe for napalm called for gasoline and soap (specifically Ivory soap) which must be shredded or flaked. Later that same afternoon, the Defendant purchased a stock pot with lid, several bars of Ivory soap, a four-sided grater, blender, burner, and a digital scale. The day prior, the Defendant received a ten-pound Amazon delivery of "DIY" instant cold packs (instant cold packs typically contain ammonium nitrate) and thirteen days earlier, the Defendant purchased a one-gallon gasoline can and a quart of motor oil.

Three days before the arson, the Defendant requested 8 hours of paid time off for March 29, 2019. And on his day off, the Defendant travelled nearly four hours in his car from his home in Tullahoma to the Highlander Center in New Market where he lit the fuse of his sparkler bomb and set Highlander's administrative building ablaze.

The Defendant's selection of the Highlander Center was neither random nor arbitrary. The Defendant purposely targeted the Highlander Center to satisfy his radical white supremacist ideology.

Highlander was founded in 1932 as a folk school based on principles rooted in the Christian Social Gospel movement. Since its founding, it has maintained an emphasis on faith-based

educational priorities and cultural work. Importantly, Highlander played a notably significant role in the Civil Rights Movement of the 1950s and 1960s.

The Defendant was aware of Highlander's role in the Civil Rights Movement and targeted it, at least in part, for this reason. Not only did the Defendant target the Highlander Center for this reason but he also defaced the property with a white supremacist symbol. Prior to committing the arson, the Defendant spray-painted the Iron Guard symbol on the ground in Highlander's parking lot. At the time, the Defendant knew that the Iron Guard was the paramilitary arm of the Romanian Nazi Party in the 1930s. The Defendant also knew that this same Iron Guard symbol was engraved on the receiver of the rifle used by Brenton Tarrant during the terrorist attack in Christchurch, New Zealand, which occurred two weeks prior to the arson and claimed the lives of 51 individuals.

The Defendant's attempted provision of material support to Hizballah is also quite serious. The document he attempted to provide contained the personally identifiable information for approximately 35,000 individuals he understood to be affiliated with Mossad, the name commonly used for the national intelligence agency of the Israeli government. The Defendant intended to provide the material to Hizballah, a foreign terrorist organization that historically has engaged in armed conflict with the Israeli government; and he did so with the intent that the individuals identified on the list would be targeted, *i.e.* "Start the hunt."

A sentence of 240 months in prison reflects the seriousness of the offense and is necessary to provide just punishment. The seriousness of the Defendant's distinct and separate crimes is underscored by the common thread between them: the Defendant's radical white supremacist ideology. He has demonstrated both a willingness and capacity to take violent action in support of his ideology. The need for incapacitation is paramount. The Court should sentence the Defendant to 240 months in prison.

### *II. The Defendant's History & Characteristics Support a 240-Month Sentence.*

The Defendant's troubling criminal history demonstrates the acute need for the sentence imposed to afford adequate deterrence and protect the public from further crimes of the Defendant. At 28 years old, the Defendant has already served approximately five years in federal prison for committing a separate arson. He also faces serious charges in Coffee County involving his alleged possession of child sex abuse material. This criminal history, especially at the Defendant's age, evinces the need for this Court to impose a significant sentence.

While the Court should impose a substantial term of imprisonment to serve as just punishment, the Defendant has demonstrated early acceptance of responsibility, remorse, and a desire to rehabilitate. From the beginning of the case, the Defendant has expressed his intent to accept responsibility for his criminal conduct with that intent continuing through to the instant Information and plea agreement.

A 240-month sentence appropriately accounts for the Defendant's acceptance of responsibility, remorse, and desire to rehabilitate. As this Court is aware, the starting point in the sentencing analysis is the sentencing guidelines which, as noted in the PSR for this Defendant, is 360 months at the low end. *See United States v. Buddi*, 168 F.4th 439, 451 (6th Cir. 2026) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2013)). However, the plea agreement in this case contains a Rule 11(c)(1)(C) provision pursuant to which the parties agree that a sentence not greater than 240 months in prison is the appropriate disposition of the case. (Doc. 2 at ¶ 6.) Thus, the plea agreement – if accepted by the Court – already provides for a 120-month reduction from the low-end of the Defendant's sentencing guidelines range. The United States submits that this reduction adequately accounts for the Defendant's early acceptance of responsibility for his criminal conduct, remorse for his actions, and his desire to rehabilitate.

Taking into account the Defendant's history and characteristics, including his criminal history and early acceptance of responsibility, the United States recommends the Court sentence the Defendant to 240 months in prison.

**CONCLUSION**

The Defendant stands convicted of two very serious crimes: committing an arson at Highlander and attempting to provide material support to a designated foreign terrorist organization. Emanating between these two crimes is the Defendant's white supremacist ideology which serves to underscore the seriousness of the Defendant's criminal offenses. Although the Defendant has accepted responsibility for his criminal conduct, his criminal history further highlights the need for the sentence imposed by this Court to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes of this Defendant.

Consistent with the parties' plea agreement and Rule 11(c)(1)(C) provision, the United States respectfully submits that a sentence of 240 months in prison is sufficient, but not greater than necessary to comply with the statutory sentencing purposes of 18 U.S.C. § 3553(a).

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: *<u>/s/ Casey T. Arrowood</u>*
Casey T. Arrowood
Assistant United States Attorney
TN BPR No. 038225
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167
Casey.Arrowood2@usdoj.gov